ERVIN, Judge.
The appellant challenges the judge of industrial claims’ order of June 27,1979 denying compensation, and the judge’s order of April 11, 1978 assessing costs against claimant for unreasonably withdrawing his claim. We affirm on all points raised, including the order assessing costs. As to the latter, the judge of industrial claims found that claimant, through his lawyer, acted unreasonably in withdrawing his claim, and that the effect of the withdrawal, and the subsequent reinstatement was a continuance[1] allowing the judge to assess'costs against a party who has unreasonably continued the proceedings. Nothing in the record shows claimant’s action was reasonable. The judge’s order recited that all attorneys had agreed to set the final hearing within 90 days. A little more than a week following the agreement, a notice was mailed to counsel advising them that the hearing had been set for February 9, 1978. It was also stated claimant’s counsel had 90 days in which to schedule the deposition of a Dr. Brown, but chose not to do so, then two days before the scheduled hearing, moved for a continuance, relying on a letter which he had just received from Dr. Brown, indicating to him that further tests of claimant were necessary. When counsel was unsuccessful in obtaining the continuance, he dismissed the claim, resulting in the order assessing costs. A second claim was later filed, essentially the same as the first.
*5 Appellant, relying upon Orlando v. Exxon Company, U.S.A., IRC Order 2-3040 (September 22, 1976), and Hamman v. Churchman Tower Service, IRC Order 2-3083 (December 29, 1976), argues he has an absolute right to dismiss voluntarily and without penalty his claim at any time before he presents his case-in-chief. Those cases permit a party to dismiss a claim under such circumstances and subsequently refile it, but they do not involve an interpretation of Section 440.32, empowering a judge to assess costs against a party who has continued the proceeding “without reasonable ground.” It is one thing to say that a worker’s claim will not be jeopardized before he establishes his case; it is an altogether different one to say that the judge has no power to enforce his order when an attorney fails to offer reasonable grounds why a claim should be continued, and then finesses the denial by simply dismissing the claim, and later refiles it, thereby in effect achieving that which he was denied. The anomalous result urged by claimant cannot have been intended by the legislature’s enactment of Section 440.32. If we were to accept claimant’s argument, and construe the statute as he desires, the only instance costs could be imposed upon a party who seeks a continuance without offering reasonable grounds would occur if the judge granted the continuance. Paradoxically, if the judge refused to grant an unfounded request, and the party opted to dismiss the claim for the purpose of seeking further delay, the judge would be barred by the interpretation advanced from levying sanctions against the indolent party.
We refuse to accept a construction of the statute which in effect places control over the progress of worker’s claims not in the deputy commissioners, but at the whim of the litigants. We conclude that Section 440.32 may logically be interpreted as authorizing the assessment of costs against one who, without reasonable grounds, seeks a continuance of a hearing and, upon its denial, dismisses the claim only to refile it.
The orders are AFFIRMED.
WOODROW M. MELVIN (Retired), Associate Judge, concurs.
SHAW, J., concurring and dissenting with opinion.

. The order stated:
3. The claimant through his counsel, acted unreasonably in withdrawing his claim two days before the scheduled hearing on February 9, 1978, in that said withdrawal was precipitated by the undersigned Judge of Industrial Claims’ refusal to grant a continuance requested by claimant’s counsel on February 7, 1978.